UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MANUELA ISABEL DIAZ-AGUERO,

Petitioner,

v.

KRISTI NOEM, ET AL,

Respondent.

Case No. 2:26-cv-00637-TLF

ORDER GRANTING IN PART
PETITION FOR WRIT OF HABEAS
CORPUS

Immigration detainee Manuela Diaz-Aguero petitions the Court under 28 U.S.C. § 2241 for an order: (1) declaring that petitioner's detention without an individualized determination violates the Due Process Clause of the Fifth Amendment; (2) a declaration petitioner's re-detention was made in violation of statute and regulation; (3) issuing a writ of habeas corpus ordering respondents to release petitioner from custody; and (4) awarding attorney's fees and costs. Dkt. 1, Petition. Petitioner alleges violations of the Administrative Procedures Act and the Fifth Amendment.

## BACKGROUND

Petitioner is a 20-year-old native and citizen of Venezuela who entered the United States without inspection on or about May 30, 2021 as a minor with her family. Dkt. 6, Declaration of Deportation Officer Paul Correa ("Correa Decl.") ¶ 4. Around that time, she was served a Notice to Appear ("NTA") and released on an Order of Release on Recognizance (OREC), but her case was dismissed by prosecutorial discretion on

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 1

August 12, 2024. *Id.* ¶ 5-6; Dkt. 7, Declaration of United States Attorney Lawrence Van Daley ("Van Daley Decl"), Ex. 3 ("OREC"), Ex. 4 ("Order on Motion to Dismiss"). On August 16, 2022, she applied for asylum, which is currently pending. Dkt. 7, Lawrence Decl. Ex. 5 ("Form I-213"). On August 24, 2024, she was granted temporary protected status, which was subsequently terminated for all Venezuelan nationals on November 20, 2025.[1] Dkt. 1 at Ex. B; Dkt. 7, Lawrence Decl., Ex. 5.

On November 27, 2025, petitioner was arrested at her residence and charged with battery, a charge petitioner contends was ultimately dismissed. Dkt. 1 at 2 (describing the charge as a "simply battery"); *cf.* Dkt. 6, Correa Decl. ¶ 7 ("On or about November 27, 2025, Petitioner was arrested and charged with Battery – Domestic Violence – by the St. Johns, Florida, County Sheriffs Office. No further action appears to have been taken by the Sheriffs Office as of the submission date of this declaration."); Dkt. 7, Van Haley Decl., Ex. 5 at 3 (Form I-213 describing the charge as a "Battery-Touch or Strike."). Petitioner has no other criminal record. Dkt. 7, Van Daley Decl., Ex. 5. After spending about a week in a detention center in Jacksonville, on or about December 4, 2025 petitioner was referred to Immigration and Customs Enforcement ("ICE") and held on an ICE detainer. Dkt. 6, Correa Decl. ¶ 8.  That same day, she was issued a new NTA. Dkt. 7, Van Daley Decl., Ex. 1 ("NTA"). On January 26, 2026, an IJ denied petitioner's bond request, citing a lack of jurisdiction. Dkt. 7, Van Daley Decl., Ex. 6.  On or about February 3, 2026, petitioner was transferred to the Northwest ICE Processing Center. *Id.* at ¶ 11. Petitioner has a final merits hearing on her Form I-589

---

[1] The government inaccurately states it was granted on January 23, 2025, but doesn't explain this inaccuracy. Dkt. 5 at 3 (citing Dkt. 7, Van Daley Decl., Ex. 5.). Petitioner filed the TPS status application, and the date has been verified. Dkt. 1, Ex. B ("TPS Approval Notice").

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 2

application for asylum and withholding of removal on April 21, 2026. Dkt. 10, Joint Status Report. She remains in custody.

**DISCUSSION**

**A. Mandatory or Discretionary Detention**

The government argues relief should be denied because petitioner is mandatorily detained under 8 U.S.C. § 1225. Dkt. 5 at 4, 5-7 (citing *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026)).[2] It argues petitioner's December 4, 2025 re-detention and the issuance of a new Notice to Appear independently triggered mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 4.

In determining whether petitioners who have been apprehended on arrival, released, and later apprehended again, are subject to discretionary detention under § 1226(a) or mandatory detention under § 1225(b), the Court considers the government's treatment of the petitioner seeking habeas relief as "particularly relevant." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Where petitioner is "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply." *Id.* (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (W.D. Wash. Aug. 19, 2025).

Persons detained under § 1225 may only be released under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Here, the parties agree petitioner was initially released on an Order of Recognizance ("OREC"). Release or "conditional parole" under

---

[2] The Court is aware of the Fifth Circuit Court of Appeals split decision, and the opinion of the Eighth Circuit (also a split decision) in *Avila v. Bondi,__* F.4th __, No. 25-3248, 2026 WL 819258 (8th Cir. March 25, 2026). These opinions are not binding on this Court and are inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 3

an OREC is authorized under § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226).

After the petitioner's removal proceedings were dismissed, petitioner was then subject to TPS, and this Court has held a petitioner granted TPS status falls under 1226(a) because they are not an individual "seeking admission" admission under § 1225. *Gutierrez Navarro v. Noem,* No. 2:26-CV-00334-TLF, 2026 WL 482686 (W.D. Wash. Feb. 20, 2026).

Furthermore, the December 24, 2025 Notice to Appear ("NTA"), which was issued over four years after her initial entry into the United States and while she was in ICE custody, reflects that petitioner is charged only as "present in the United States without being admitted or paroled," which supports the conclusion that she is detained under § 1226(a). *Del Valle Castillo*, 2025 WL 3524932, at *6.

The Court thus finds § 1226 governs petitioner's detention, and she is not subject to mandatory detention under § 1225.

### B.  1226(a) Bond Hearing

The government argues, in the alternative, that because petitioner qualifies as a member of the Bond Denial Class in *Rodriguez v. Bostock,* 802 F. Supp. 3d 1297, 1309 (W.D. Wash. 2025), and the Nationwide Class certified in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. 2025), the proper remedy is a bond hearing, not immediate release. Dkt. 9 at 5. Yet "[p]etitioner is also not seeking a bond hearing, and as noted by Respondents, was in fact denied a bond by the Orlando Immigration

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 4

Court on January 26, 2026…." Dkt. 8, Reply; Dkt. 7, Van Daley Decl., Ex. 6. A motion for a subsequent redetermination of a non-citizen's bond can only be made where there are "materially changed circumstances" to the non-citizen's circumstances. 8 C.F.R. § 1003.19(e). Here, the IJ already refused petitioner a bond hearing due to a lack of jurisdiction, and the government does not proffer any evidence of a materially changed circumstance since the denial on January 26, 2026.

### C. Fifth Amendment Due Process

The government argues petitioner's re-detention was consistent with due process under the Fifth Amendment.

Applying *E.A. T.B v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 18, 2025) the Court reviews the government's decisions and actions to deprive petitioner of her liberty interests under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976): The private interest affected by the official action; the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

### 1. Private Interest

As to the first factor, the Court rejects the notion that petitioner's weighty liberty interest is greatly diminished solely because he is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action) *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 5

Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). And the government's decision to release her on conditional parole triggers "a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N. D. Cal. 2025); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("[I]ndividuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty.").

When petitioner was released from ICE custody for over four years on interim parole, she "took with [her] a liberty interest which is entitled to the full protections of the [D]ue [P]rocess [C]lause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, at *3 (W.D. Wash. 2025).The record shows petitioner was paroled under an OREC in 2021, and then subsequently granted TPS, which was terminated only because the government terminated TPS status for all Venezuelans. *See Gutierrez Navarro v. Noem,* No. 2:26-CV-00334-TLF, 2026 WL 482686, n.1 (W.D. Wash. Feb. 20, 2026). Each of these designations were granted after considering petitioner's dangerousness and risk of flight, and she has a protected liberty interest in remaining out of custody.

The government argues that 8 U.S.C. § 1225(b)(2)(A) mandates ICE detention of applications for admission for the duration of the new removal proceedings. Regardless of what statutory scheme is applicable, Fifth Amendment Due Process protections apply. The first factor weighs in petitioner's favor.

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 6

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards.

The Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Yet there "may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate." *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 - *12 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1031-1032, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

Courts have also held that where a noncitizen is released after an evaluation of their dangerousness and flight risk, their re-arrest and re-detention generally requires a showing of a material change in circumstance. *See, e.g.*, *dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988, at *9 (D. Mass. Aug. 14, 2025) (granting habeas relief and immediate release where government presented no evidence that "a change in circumstances" supported its decision to revoke the IJ's bond order); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (citing *Sugay* and noting government counsel's representation that "DHS has incorporated [*Sugay*'s] holding into its practice, requiring a showing of changed circumstances both where the prior bond

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 7

determination was made by an immigration judge and where the previous release decision was made by a DHS officer"), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

The government asserts petitioner's criminal arrest "only reinforces the lawfulness of continued detention pending the conclusion of removal proceedings." Dkt. 5 at 4. Neither party has provided the Court with any details regarding the arrest for "Battery-Touch or Strike" as I-213 form states, or simple battery, as plaintiff claims. The government does not dispute petitioner's allegations the charges were dropped. The petitioner does not appear to have any other criminal history. The Court finds, under the circumstances, the risk of erroneous deprivation is high.

Thus, the Court finds the second *Mathews* factor favors petitioner.

### 3. The Government's Interest

The government's interest in civil detention without a detention hearing is low. *See E.A. T.B*, 795 F. Supp. 3d at 1323-24 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")).

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner," which requires an analysis of the meaningful time to hold a hearing. *Mathews*, 424 U.S at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965*)*). On the facts of this case, the Court must determine whether a pre-deprivation hearing is required, or whether the government may conduct a hearing after an individual in petitioner's situation is initially arrested and detained by

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 8

ICE. *See generally, Gerstein v. Pugh*, 420 U.S. 103, 112-13, 125 (1975) (a determination of probable cause must be decided by a neutral and detached magistrate as soon as possible after a warrantless arrest); *County of Riverside v. McLaughlin*, 500 U.S. 44, 55-56 (1991) (under the Fourth Amendment, a person arrested without a warrant must be brought before a neutral magistrate within 48 hours of arrest (or less, if the person can prove the probable cause determination was delayed unreasonably)).[3]

The Court in *O.F.C. v. Almodovar,* No. 25-cv-9816 (LJL), 2026 WL 74262 (S.D. N.Y. January 9, 2026) held that a post-deprivation hearing would be required by Due Process, rather than a pre-deprivation hearing, to determine whether a change in circumstances had occurred since the petitioner was released on conditions. The alleged material change in circumstances was that petitioner had been convicted in state court of driving-related offenses. *Id.* at *3. The Court considered the implications of *Morrissey v. Brewer,* 408 U.S. 471 (1972), and observed that if a noncitizen released on bond has not committed a criminal offense, then the analogy to *Morrissey v. Brewer* is not as strong. *O.F.C.*, 2026 WL 74262 at *12.

In this case, the government has not provided the Court with any additional information regarding the battery charge, nor do they deny that the charges were dropped. Yet even if local authorities decide not to pursue a criminal charge, there may still be evidence that would meet the clear and convincing standard to establish that

---

[3] The petitioner has not raised a Fourth Amendment issue; the Court therefore is not independently analyzing the arrest and detention under the Fourth Amendment. Yet the liberty interests of a person arrested under an immigration detainer or warrant, analyzed under the Fifth Amendment due process analysis of *Matthews*, are similar to the liberty interests recognized in *Gerstein. See Kakkar v. Chestnut,* 1:25-CV-1627 JLT SAB, 2025 WL 3638298 (E.D. Cal. December 15, 2025) (person recently released from prison would not have the weighty significant private interest under *Mathews* as a person who had been successfully compliant with conditional release for a lengthy period before re-arrest on immigration matter).

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 9

petitioner is a danger to the community. *See Vizhco Chunchi v. Francis,* No. 25-cv-10249 (ER), 2026 WL 249676 (S.D. N.Y. January 30, 2026) at *3 (petitioner arrested for criminal offenses; post-deprivation hearing by Immigration Judge was appropriate Due Process habeas corpus relief). In *Morrissey v. Brewer*, the Court did not limit the permissible justification for a parole violation arrest and detention only to circumstances where a parolee was charged with or convicted of a new crime. 408 U.S. 471.

If a post-deprivation hearing is the proper due process approach, the Court also needs to determine the reasonable time for a post-deprivation bond hearing. *See Morrissey,* 408 U.S. 471 (probable cause hearing required after arrest for parole violation, and revocation hearing must take place within a reasonable time); *Pham v. Becerra,* 2023 WL 2744397, at *7 (N.D.Cal., 2023) (within 5 days after court order); *Perera v. Jennings*, 2021 WL 2400981, at *6 (N.D.Cal., 2021) (within 7 days); *Carballo v. Andrews,* No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (14 days); *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *12 - *14 (E.D. Cal. Aug. 28, 2025) (holding that petitioner's ATD records indicated numerous violations, and if the government's view of the facts were correct, it was "at least arguable that providing petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight," and ordering a post-deprivation bond hearing within 10 days).

"The government has an obvious interest 'in protecting the public from dangerous criminal [noncitizens].'" *Rodriguez Diaz v. Garland*, 53 F.4th at 1189, 1208 (9th Cir. 2022) (quoting *Demore v. Kim*, 538 U.S. 510, 515 (2003)). Yet when the government conducts a warrantless arrest for criminal charges, an individual is entitled to notice of

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 10

the criminal charges at an initial appearance within 48 hours of being arrested, and the government must provide a detention or release hearing before the individual is committed for pretrial detention. *See McLaughlin*, 500 U.S. at 55-56; *Gerstein,* 420 U.S. 103, 112 (1975) (a determination of probable cause must be decided by a neutral and detached magistrate as soon as possible after a warrantless arrest); 18 U.S.C. § 3142; *see also, Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d 788, 822-826 (9th Cir. 2020) (discussing *U.S. v. Brignoni-Ponce,* 422 U.S. 873, 882-887 (1975), pointing out the tangible consequences of unreliability of database information to support an ICE detainer, and holding that under *U.S. v. Brignoni-Ponce, County of Riverside v. McLaughlin,* and *Gerstein v. Pugh*, the Fourth Amendment requires a neutral and detached executive official such as an immigration judge "who is independent of police and prosecution", and requires a probable cause determination within 48-hours of arrest, for a determination of probable cause as a prerequisite to extended detention, in the civil immigration context for arrest on ICE detainers).

"[T]he government clearly has a strong interest in preventing [noncitizens] from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore,* at 518). "The Supreme Court has instructed that in a *Mathews* analysis, we 'must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature.'" *Id.* (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)).

Even though the government has a strong interest in enforcing immigration laws and ensuring community safety, it has not articulated a compelling interest in re-detaining an individual who was on conditional release without Due Process notice or

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 11

hearing. Providing a hearing before an immigration judge would require the government to bear the administrative costs of due process, but those costs are minimal when weighed against the severe deprivation of liberty at stake. The government's interest in bypassing basic procedural protections is low. *See Ortega*, 415 F. Supp. 3d at 970 ("If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so *without a hearing* is low.") (emphasis added).

Although it would require the expenditure of resources to provide petitioner a post-deprivation hearing, held by an immigration judge within a reasonable time after re-detention, and to have the hearing conducted with due process protections under *Singh v. Holder*, 638 F.3d 1196,1208 (9th Cir. 2011) to justify immigration re-detention by clear and convincing evidence, and provide adequate notice and due process protections similar to hearings under *Morrissey v. Brewer,* 408 U.S. 471 (1972), those costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.

Because the government has failed to demonstrate a substantial interest in reducing the due process protections, and because the administrative burden of providing a timely hearing is outweighed by the serious risk of erroneous deprivation, and the petitioner's strong interest in continued liberty on conditional parole, the third *Mathews* factor also weighs in petitioner's favor.

## CONCLUSION

The Court GRANTS the petition for writ of habeas corpus IN PART and ORDERS:

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 12

(1) The Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b).

(2) The COURT GRANTS IN PART petitioner's request for habeas corpus relief. The Court DENIES petitioner's request for immediate release. The Court ORDERS the Government to provide petitioner a hearing within 10 business days after this Order is filed in which the government bears the burden of proof, under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), to justify immigration re-detention by clear and convincing evidence. The government must provide adequate notice and due process protections similar to hearings under *Morrissey v. Brewer*, 408 U.S. 471 (1972). The hearing shall be conducted by an immigration judge to determine whether release on conditions should be granted, or whether detention is warranted. If no such hearing is held, and the government does not request any extension of time based on good cause, then the government must release the petitioner on the same conditions she was previously subject to under TPS, immediately after the 10-day deadline for a hearing expires.

(3) The parties shall file a joint status report within 48 hours after the hearing confirming that the hearing was conducted.

(4) If petitioner is released, then no later than two days after petitioner's release (for example, if petitioner is released on a Monday, then the government shall file the declaration no later than Wednesday; or, if petitioner is released on a Friday, then the declaration shall be filed no later than the following Monday) the government must file with the Court a declaration confirming the date and time petitioner has been released from custody.

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 13

(5) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition.

Dated this 3rd day of April, 2026.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS- 14